UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION



VINCENT FAUSTINO RIVERA,

        Plaintiff,

v.                  Case No. 96-275-Civ-J-99(S)

OMAR AROCHO,

        Defendant.

_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system proceeding pro se and in forma pauperis, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff challenges a disciplinary report. As relief, Plaintiff requests monetary damages.

Because Plaintiff is proceeding in forma pauperis, the Court must review his complaint to determine whether it is frivolous or malicious under 28 U.S.C. § 1915(d). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

A prisoner complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."



Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint filed in forma pauperis which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Id. at 328. Section 1915(d) dismissals should only be ordered when the legal theories are "indisputably meritless", id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).

In any 42 U.S.C. § 1983[1] cause of action, the initial inquiry must focus on whether the two essential elements to a section 1983 action are present.

> A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995). In addition, for liability under 42 U.S.C. § 1983, Plaintiff must allege an affirmative causal connection between the Defendant's conduct and the constitutional deprivation. Swint v. City of Wadley, Alabama, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Commission, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

---

[1] Section 1983 provides in relevant part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . [or] suit in equity." 42 U.S.C. § 1983.

On June 24, 1994, the United States Supreme Court decided <u>Heck v. Humphrey</u>, 114 S.Ct. 2364 (1994), a seminal case holding "a cause of action seeking damages under § 1983 for an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated . . . ." <u>Stephenson v. Reno</u>, 28 F.3d 26, 27-28 (5th Cir. 1994) (per curiam). <u>Heck</u> leads this Court to conclude that this case should be dismissed without prejudice because the cause of action has not yet accrued. An explanation follows.

In <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 476 (1973), state prisoners deprived of good-time credits by the New York State Department of Correctional Services filed a civil rights action pursuant to 42 U.S.C. § 1983 seeking an injunction requiring the restoration of the good-time credits, resulting in their release from confinement. The inmates did <u>not</u> seek money damages. The issue before the court was "whether state prisoners seeking such redress may obtain equitable relief under the Civil Rights Act, even though the federal habeas corpus statute, 28 U.S.C. § 2254, clearly provides a specific federal remedy." <u>Id</u>. at 477. After noting the significant interrelationship between the habeas corpus statutes (28 U.S.C. §§ 2241 and 2254) and the Civil Rights Act (42 U.S.C. § 1983), the court recognized "the strong considerations of comity that require giving . . . the States the first opportunity to correct the errors made in the internal administration of their prisons." <u>Preiser</u>, 411 U.S. at 482-83, 492.

Limiting its holding to the situation where only equitable relief, i.e., the restoration of good-time credits, is sought, the Supreme Court decided "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

However, in dicta, the court stated:

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release--the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy. Accordingly, as petitioners themselves concede, a damages action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies.

Id. at 494.

On June 24, 1994, the United States Supreme Court addressed the question "whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983." Heck, 114 S.Ct. at 2368. Petitioner sought monetary damages but did not seek injunctive relief or release from custody. Id. The Supreme Court again recognized the interrelationship between 42 U.S.C. § 1983 and 28 U.S.C. § 2254 and noted the "case lies at the intersection" of these federal laws. Id. at 2369.

- 4 -

Looking back to Preiser v. Rodriguez, the Heck court recognized that Preiser did not carve out an exception and require exhaustion in certain circumstances under § 1983, but rather determined "that certain claims by state prisoners are not cognizable under that provision" and must be exhausted and raised in habeas corpus proceedings. Heck, 114 S.Ct. at 2369. Most importantly, for purposes of the case at bar, the court further stated:

> This case is clearly not covered by the holding of Preiser, for petitioner seeks not immediate or speedier release, but monetary damages, as to which he could not "have sought and obtained fully effective relief through federal habeas corpus proceedings." Id., at 488, 93 S.Ct., at 1835. See also id., at 494, 93 S.Ct., at 1838-1839; Allen v. McCurry, 449 U.S. 90, 104, 101 S.Ct. 411, 420, 66 L.Ed.2d 308 (1980). In dictum, however, Preiser asserted that since a state prisoner seeking only damages "is attacking something other than the fact or length of . . . confinement, and . . . is seeking something other than immediate or more speedy release[,] . . . a damages action by a state prisoner could be brought under [§ 1983] in federal court without any requirement of prior exhaustion of state remedies." 411 U.S., at 494, 93 S.Ct., at 1838. That statement may not be true, however, when establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction. In that situation, the claimant can be said to be "attacking the fact or length of confinement," bringing the suit within the other dictum of Preiser: "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Id., at 490, 93 S.Ct., at 1836. In the last analysis, we think the dicta of Preiser to be an unreliable, if not an unintelligible, guide:

>   that opinion had no cause to address, and did
>   not carefully consider, the damages question
>   before us today.

Id. at 2369-70.

Finally, in Heck, the Supreme Court found:

>   [I]n order to recover damages for an allegedly
>   unconstitutional conviction, or for "harm
>   caused by actions whose unlawfulness would
>   render a conviction or sentence invalid," a
>   prisoner must show that the conviction or
>   sentence has been "reversed on direct appeal,
>   expunged by executive order, declared invalid
>   by a state tribunal authorized to make such
>   determination, or called into question by a
>   federal court's issuance of a writ of habeas
>   corpus." --- U.S. at ----, 114 S.Ct. at 2372.
>   The Court analogized such a claim to the tort
>   of malicious prosecution, one element of which
>   is "the termination of the prior criminal
>   proceeding in favor of the accused."  Id. at
>   ----, 114 S.Ct. at 2371.

Stephenson v. Reno, 28 F.3d at 27 (quoting Heck v. Humphrey, 114 S.Ct. at 2371-72).

Taken together, Preiser (which involved a claim arising out of disciplinary proceedings as distinguished from a criminal conviction) and Heck (which rejects the dicta in Preiser to the effect that a distinction should be drawn between actions for damages and injunctive relief) stand for the proposition that a prisoner has no cause of action for money damages under § 1983 unless and until the prison disciplinary proceeding resulting in a loss of gain time is challenged and reversed by an internal administrative ruling, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. This conclusion does "not engraft an exhaustion

requirement upon § 1983 . . .", Heck, 114 S.Ct. at 2373; however, it does mean that the action for money damages has not accrued until the disciplinary proceeding "has been invalidated." Id. at 2374. "Such an action, if brought prior to invalidation of the conviction or sentence challenged, must therefore be dismissed as premature." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam) (footnote omitted) (citing Heck, 114 S.Ct. at 2372).

In the case at bar, Plaintiff seeks monetary damages and challenges a disciplinary report, resulting in the loss of gain time. After thoroughly reviewing the record in conjunction with the Heck decision, this Court finds this case comes within the ambit of Heck and should be dismissed without prejudice since the action for money damages has not accrued. There is not a concern about the running of the statute of limitations since Heck teaches that such damages claims do not accrue until the plaintiff's conviction or sentence has been invalidated. Abella, 63 F.3d at 1066. Furthermore, any request for the restoration of gain time "must be viewed as a challenge to the duration of [his sentence]." Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994) (citations omitted). "Under Preiser and Heck, state prisoners have no cause of action under 42 U.S.C. § 1983, and the federal courts therefore have no jurisdiction under 28 U.S.C. § 1343, with respect to claims of unconstitutional deprivations of good time credits." Id.

Here, Plaintiff has not alleged the reversal of the disciplinary proceeding at issue or presented documents which reflect that he has caused the disciplinary proceeding to be set

- 7 -

aside through the administrative, state or federal remedies available to him. The various remedies available to an inmate challenging a disciplinary action are as follows. First, the Florida Department of Corrections provides a grievance procedure to inmates through which disciplinary actions may be administratively reviewed, addressed, and challenged, and ultimately, affirmed, corrected or vacated. Fla. Admin. Code Ch. 33-29, Inmate Grievance Procedure (hereinafter F.A.C.). If the inmate is grieving a disciplinary action, he may by-pass the informal grievance process and proceed to the formal grievance process at the institutional level. F.A.C. §§ 33-29.005(1), 33-29.006. If the inmate is dissatisfied with the results at the institutional level, he may appeal to the Office of the Secretary of the Florida Department of Corrections. F.A.C. § 33-29.007.

To seek further review, the inmate may file an extraordinary writ petition[2] (writs of mandamus and habeas corpus) with an appropriate state circuit court, district court of appeal, or the Supreme Court of Florida. Art. V, §§ 3, 4, 5, Fla. Const.; Fla. R. Civ. P. 1.630; Fla. R. App. P. 9.100; see Dilbert v. State, 644

---

[2]Since writs of mandamus and habeas corpus are characterized as extraordinary remedies, exhaustion of administrative remedies is generally required prior to seeking relief from the state courts. See Newsome v. Singletary, 637 So.2d 9, 10-11 (Fla. 2nd DCA 1994)(per curiam); Alexander v. Singletary, 626 So.2d 333, 334 (Fla. 1st DCA 1993); Tunstall v. Folsom, 616 So.2d 1123, 1124 (Fla. 1st DCA 1993)(per curiam); Hamby v. State, 619 So.2d 972 (Fla. 5th DCA 1993). See also Hatten v. State, 561 So.2d 562, 563 (Fla. 1990); Millard v. State, 503 So.2d 939, 940-41 (Fla. 1st DCA 1987); Griggs v. Wainwright, 473 So.2d 49, 49-50 (Fla. 1st DCA 1985); Hall v. Key, 476 So.2d 787, 788 (Fla. 1st DCA 1985).

So.2d 354, 354-55 (Fla. 2nd DCA 1994). However, generally the higher state courts require extraordinary writs to be filed in the circuit court forum even though the district courts and the Florida Supreme Court share original writ jurisdiction. See, e.g., Hansen v. Florida Parole and Probation Commission, 436 So.2d 349, 349-50 (Fla. 1st DCA 1983) (per curiam); Thomas v. Florida Parole and Probation Commission, 436 So. 2d 349 (Fla. 1st DCA 1983) (per curiam). A circuit court decision may be appealed to the appropriate state district court of appeal. Art. V, § 4, Fla. Const.; Fla. R. App. P. 9.110. A district court of appeal decision may be reviewed by the Supreme Court of Florida in limited instances; usually the district court of appeal is the final avenue for relief in the state system. Art. V, § 3, Fla. Const.; Fla. R. App. P. 9.110; 9.120; 9.125. (Ultimately, the inmate could appeal the matter to the Supreme Court of the United States, e.g., when the district court of appeal decision cannot be taken on appeal to the Florida Supreme Court.)

Finally, the inmate may seek relief in the federal system through a writ of habeas corpus. 28 U.S.C. §§ 2241, 2254. Although exhaustion of state remedies may be waived by the Respondents, in recognition of the nature of comity between the national and state sovereignties in our federal system, the federal court should give the state courts an opportunity to rule on the claims first. Rose v. Lundy, 455 U.S. 509 (1982). If the writ is denied, "the proper remedy is by appeal to the court of appeals from the order of the district court denying the writ."

Fed.R.App.P. 22(a). Ultimately, the inmate can seek relief from the United States Supreme Court. See Rules of the Supreme Court of the United States.

In this case, Plaintiff has failed to show that the disciplinary proceeding in question has been invalidated. Thus, Plaintiff's case will be dismissed without prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff may initiate a new case by filing a new complaint after he pursues his other remedies and/or gathers the pertinent documentation as verification his claims have accrued. The new complaint must describe the disciplinary proceeding, which has been set aside as a result of subsequent proceedings, and must further allege with specificity as to such proceeding the precise actions or omissions committed by the Defendants that operated to deprive Plaintiff of his constitutional right.

3. The Clerk of the Court shall enter judgment accordingly.

4. This case is closed.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of April, 1996.

_____
UNITED STATES DISTRICT JUDGE

sc 4/24
c:
Pro Se Party